**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

**ANDREW KING,**

      **Plaintiff,**

**v.**

**ALLEGHENY COUNTY SHERIFF'S
OFFICE, NEW MARTINSVILLE POLICE
DEPARTMENT, OFFICER JASON K. UTT,
OFFICER FRIEND ESTEP, NORTHERN REGIONAL
CORRECTIONAL FACILITY,
ARRESTING OFFICER VINCENT DICENZO III,
NORTH VERSAILLES POLICE DEPARTMENT**

      **Defendants.**

**CIVIL ACTION-LAW
Case No. 2:19-CV-992-DSC
Electronically Filed**

**NORTHERN REGIONAL CORRECTIONAL FACILITY'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW the Defendant, Northern Regional Correctional Facility, by and through undersigned counsel Thomas E. Buck, Esq., and the law firm of Bailey & Wyant, PLLC, and moves this Court to dismiss the claims against it for the reasons stated herein.

### I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Andrew King ("Plaintiff" or "King") claims that he was arrested and unconstitutionally detained for six (6) days on a warrant issued for his fraternally identical twin, Alexander King, and that he is due financial recompense from Northern Regional Correctional Facility ("NRCF") for his trouble. However, NRCF is not subject to this Court's jurisdiction, nor is this the appropriate venue for a lawsuit against the NRCF. Moreover, even if this matter is correctly before this Court, the NRCF cannot be sued under a 42 U.S.C. § 1983 claim as it is not a "person," nor can Plaintiff recover money damages from the NRCF because, as a state entity, it is protected from the same by the 11th Amendment of the Constitution of the United States. It is



1

also protected by common law qualified immunity. Finally, denial of Suboxone or other opiate addiction drugs while detained is not a violation of nay constitutional right. Accordingly, Plaintiff's claims must be dismissed as a matter of law.

## II.   STANDARD OF REVIEW

The Fourth Circuit Court of Appeals recently summarized the Motion to Dismiss standard as follows:

> To survive a motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), meaning that it must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[P]laintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

*Loftus v. Bobzien*, 848 F.3d 278, 284 (4th Cir. 2017) (citations in original).

## III.   ARGUMENT

**A.      This Court does not have personal jurisdiction over the NRCF.**

Plaintiff has the "burden of demonstrating the facts that establish personal jurisdiction." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir.2002)). "[O]nce a defendant has raised a jurisdictional defense," the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe* at 330 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir.1996)). Here, Plaintiff's only statement "in support" of this Court's jurisdiction over the NRCF is as follows:



2.     This Court has jurisdiction under 28 U.S.C. 1331 over the constitutional claims contained in this Complaint as well as the claims arising under 42 U.S.C. 1983. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.     Venue is proper as Plaintiff's claims arise out of the acts of law enforcement officials from the Western District.

As this Court undoubtedly knows, 28 U.S.C. § 1331 ("§ 1331"), the "federal question statute," merely states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. A 42 U.S.C. § 1983 claim is, of course, a federal question under § 1331. § 1331 does not, however, mean that Plaintiff can bring any and all entities into *any* federal court. "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S. Ct. 1563, 1566, 143 L. Ed. 2d 760 (1999). Here, Plaintiff has not pled, and this Court does not have, personal jurisdiction over the NRCF, and Plaintiff's claim must therefore be dismissed under Fed. R. Civ. P. 12(h)(3) because this Court lacks the appropriate jurisdiction.

Here, Plaintiff does not have either general or specific jurisdiction over the NRCF. Fed. R. Civ. P. 4(k)(1) provides for personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. *Provident National Bank v. California Federal Savings & Loan*, 819 F.2d 434, 437 (3d Cir. 1987). The NRCF is a state prison located in Moundsville, West Virginia. By virtue of its location, it is not generally subject to any Pennsylvania state court's jurisdiction, nor does this Court have any specific



3

jurisdiction over it based on the facts of this case. Accordingly, this Court does not have personal jurisdiction over Plaintiff's claim, and it must therefore be dismissed under Fed. R. Civ. P. 12(h)(3)

### i.      This Court does not have general jurisdiction over the NRCF.

The United States Supreme Court has explained that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic*" as to render them essentially at home in the forum State. Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011) (quoting, in part, *International Shoe Co., v. Washington,* 326 U.S. 310, 317 (1945) (emphasis added)). Indeed, the "essentially at home" language is critical because the terms "continuous and systematic," by themselves, were discussed by the *International Shoe* court in reference to *specific* jurisdiction, not *general. Daimler AG v. Bauman,* 571 U.S. 117, 138, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014). Rather, "*International Shoe* speaks of 'instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit ... *on causes of action arising from dealings entirely distinct from those activities.'" Daimler AG* at 138 (quoting *International Shoe* at 317). Importantly, being subject to suit in the district must not offend traditional notions of fair play and substantial justice. *See, e.g., International Shoe* at 316, *Burger King Corp., v. Rudzewicz,* 471 U.S. 462 (1985).

Here, the NRCF certainly does not have "continuous and systematic" interactions with the state of Pennsylvania which would make it "essentially at home" in Pennsylvania courts. The NRCF would not generally be amenable to litigation in Pennsylvania on causes of action distinct from the ones raised in this case, and, as described *infra,* is explicitly immune from suit in this Court. Plaintiff, for his part, has pled no facts at all which allege this Court would have general jurisdiction over the NRCF, his claims against the same must be dismissed under Fed. R. Civ. P. 12(b)(2) and 12(h)(3)



4

### ii.      This Court does not have specific jurisdiction over the NRCF.

Similarly, specific jurisdiction exists only when Plaintiff establishes that:

1.    Defendant must have purposely directed activities in the forum;

2.    Plaintiff's claim must arise out of or relate to at least one of those specific activities; and

3.    Jurisdiction otherwise comports with principles of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel, Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

Here, Plaintiff's entire brief neither makes a claim, nor alleges any facts whatsoever, that the NRCF "purposely availed itself of the privilege of conducting activities within the forum." *O'Connor* at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). On the contrary, Plaintiff's brief does not mention any contact between the NRCF and Pennsylvania at all. Rather, he accuses the NRCF of improperly incarcerating him in West Virginia, and, apparently, for denying him his opiate withdrawal medication while he was incarcerated in West Virginia.[1] No part of Plaintiff's claim against the NRCF has anything to do with Pennsylvania.

Plaintiff, therefore, cannot even meet the first prong of the above test, let alone the second and third. As the NRCF is a West Virginia prison facility, and Plaintiff does not allege a single contact between the NRCF and Pennsylvania, this Court cannot exercise specific jurisdiction over the NRCF, and Plaintiff's claim must be dismissed under Fed. R. Civ. P. 12(b)(2) and 12(h)(3).

### B.      This Court is not the proper venue for litigation against the NRCF.

Plaintiff also tersely, and incorrectly, claims that venue is proper in this matter as follows:



---

[1] As described *infra*, denial of MAT (Medication-Assisted Treatment), specifically the denial of suboxone, has, to Defendant's knowledge, not been found to be an Eighth Amendment violation in Pennsylvania, West Virginia, or the Third or Fourth Circuit.

3.    Venue is proper as Plaintiff's claims arise out of the acts of law enforcement officials from the Western District.

28 U.S.C. 1391(b) states that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391 ("§ 1391") § 1391(b)(1) is plainly inapplicable to this case, as not all defendants are residents of Pennsylvania. Application of § 1391(b)(2) would be similarly misplaced, as every single allegation against the NRCF allegedly occurred in West Virginia.

Finally, as above, § 1391(b)(3), the "fallback provision" of the venue statute, is also inapplicable. §1391(b)(3) requires that there be "no district in which an action may otherwise be brought as provided in this section." Any claims against the NRCF, as well as the New Martinsville Police Department and New Martinsville police officers (hereafter, the "West Virginia defendants") could have been brought in the Northern District of West Virginia without incident. Further, no judicial efficiency concerns are implicated by doing so – Plaintiff's claims against the NRCF and the West Virginia defendants are obviously, and legally, distinct from those against the Pennsylvania entities and officers. *See, e.g.*, Nutrition Distribution LLC v. Muscle Store Inc., No. 2:17-CV-01515-CRE, 2018 WL 3640190, at *4 (W.D. Pa. July 10, 2018) (finding § 1391(b)(3) inapplicable because the case could have been brought in the Eastern District of Pennsylvania, where all parties resided); *Yerramsetty v. Dunkin' Donuts Ne., Inc.*, No. CTION217CV5673SDWSCM, 2018 WL 4932890, at *3 (D.N.J. Oct. 10, 2018) (finding venue



improper in New Jersey because "the event giving rise to the claim occurred entirely in Maine," and therefore an alternate venue was available).

28 U.S.C. § 1406(a) provides in pertinent part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district **shall** dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This claim is plainly in the wrong venue, and there does not appear to be any particular reason the "interest of justice" would require this case to be transferred. In fact, this case must also be dismissed as it pertains to the NRCF on other legal and substantive grounds described *infra*. As this court is not an appropriate venue for Plaintiff's lawsuit against the NRCF under any part of § 1391(b), it must therefore be dismissed under Fed. R. Civ. P. 12(b)(3).

**C.     Plaintiff may not bring a lawsuit against the NRCF directly.**

Even if Plaintiff somehow resolves the numerous jurisdictional problems with his case, the NRCF must still be dismissed because Plaintiff is unable to bring a § 1983 claim against the NRCF, as the NRCF is a West Virginia state entity protected by the Eleventh Amendment of the United States. Additionally, none of the extremely limited exceptions to that immunity apply to this matter.

**i.      Plaintiff is constitutionally unable to bring a § 1983 lawsuit against the NRCF.**

The NRC must be dismissed from this case because Plaintiff cannot bring a § 1983 claim against the NRCF. § 1983 claims must be brought against a "person," not against a state or state agency. Otherwise, such a claim would violate the Eleventh Amendment of the Constitution of the United States. *See generally Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).



The United States Supreme Court unequivocally determined the same in *Will*. There, the Court explicitly stated that "a State is not a person within the meaning of § 1983." *Id.* at 64. This

Court most recently applied *Wil* in *Hockenberry v. SCI Cambridge Springs/Pennsylvania Dep't of Corr.*, No. 1:18-CV-00325, 2019 WL 2270345 (W.D. Pa. May 28, 2019), finding that the Pennsylvania Department of Corrections ("DOC") is an "agency or arm[] of the Commonwealth . . . and, as such, they are entitled to Eleventh Amendment immunity." *Id.* at *2. Similarly, the federal courts in West Virginia have repeatedly found the West Virginia Regional Jail Authority and Correctional Facility ("Authority") and its appurtenant facilities, to be an "arm of the state." *See, e.g., Roach v. Burch*, 825 F. Supp. 116, 118 (N.D.W. Va. 1993) (finding the Authority is not a "person" suable under § 1983); *Gordon v. Tygart Valley Reg'l Jail*, No. 3:12CV34, 2013 WL 786480, at *7 (N.D.W. Va. Feb. 4, 2013) (finding Tygart Valley Regional Jail is an "arm" or "alter ego" of the State and the same as the State for purposes of sovereign immunity); *Morton v. Sheeley*, No. 3:12-CV-122, 2014 WL 3700011, at *10 (N.D.W. Va. July 24, 2014) (finding the Authority is not a person subject to suit under *Will*). In one particular case, both parties *agreed* that the Regional Jail Authority was unable to be sued under § 1983:

> The parties agree that pursuant to *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989), "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. at 71. In his Response to Defendants Parsons and the Regional Jail Authority's motion to dismiss, Plaintiff concedes that, under this rule of law, the Regional Jail Authority may not be sued under § 1983.

*Lavender v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. CIV. A. 3:06-1032, 2008 WL 313957, at *3 (S.D.W. Va. Feb. 4, 2008).

ii.     **No exception to the NRCF's constitutional immunity applies to this case.**

Further, no exception to Eleventh Amendment Immunity applies to this matter. Eleventh Amendment sovereign immunity is subject to three basic exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment; (2) a state may waive its sovereign immunity by consenting to suit; or (3) under *Ex parte Young*, 209 U.S. 123 (1908), a state official may be sued in his or her official



capacity for prospective injunctive relief. *Hollihan v. Pennsylvania Dep't of Corr.*, 159 F. Supp. 3d 502, 510 (M.D. Pa. 2016) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999), *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir.2002)). Plaintiff does not, and cannot, allege that any of these conditions have been met. Congress has not abrogated Eleventh Amendment immunity for state prison facilities. West Virginia has not waived its sovereign immunity and consented to this suit. Finally, Plaintiff does not name a single jail employee or official in his Complaint. Plaintiff is seeking compensatory damages, punitive, fees, and costs no just injunctive relief. The Northern Regional Correctional Facility, then, is not a proper party to this suit and must be dismissed.

**D.     Plaintiff fails to ask for relief which can be granted.**

Even if Plaintiff's suit were in front of the right court and federal and state constitutions did not bar Plaintiff from bringing his claim against the NRCF, Plaintiff also asks this Court for improper relief as applied to the NRCF, specifically:

> **WHEREFORE, Plaintiff, prays for:**
>
> **Declaratory judgment that Defendants violated Plaintiff's constitutional, civil and statutory rights;**
>
> **An Order enjoining Defendants from enforcing their customs, policies, patterns and practices as described herein that violate constitutional rights;**
>
> **An award of appropriate compensatory and punitive damages against each Defendant in favor of Plaintiff;**
>
> **Awards of attorney's fees, costs, and litigation expenses associated with the prosecution of this action;**

Pl.'s Cplt., Prayer for Relief, p. 9. Neither equitable nor financial relief is available to Plaintiff in this matter as it pertains to the NRCF, however. The NRCF is constitutionally immune



from money damages and Plaintiff's equitable relief claims are all moot as he is no longer imprisoned.

**i.      The NRCF is constitutionally immune from money damages.**

First, all claims for money damages against the NRCF are barred by the Eleventh Amendment and by Article VI, § 35 of the West Virginia Constitution. *See, e.g., Mellon–Stuart Co. v. Hall,* 178 W.Va. 291, 296, 359 S.E.2d 124, 129 (1987) ("the policy which underlies sovereign immunity is to prevent the diversion of State monies from legislatively appropriated purposes. Thus, where monetary relief is sought against the State treasury for which a proper legislative appropriation has not been made, sovereign immunity raises a bar to suit"); *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.,* 728 F. Supp. 2d 803, 818 (S.D.W. Va. 2010) ("[i]t is well established that the WVRJA is an agency of the State of West Virginia and is not a "person" within the meaning of § 1983 for purposes of an action seeking money damages"); *Gillette v. West Virginia,* No. Civ. A. 2:01–1309, 2003 WL 23522062 (S.D.W.Va. June 6, 2003) (holding the WVRJA "is an agency of the State .... [and] [a] ... suit for money damages is barred by the Eleventh Amendment"). Here, as above, Plaintiff seeks compensatory and punitive damages, as well as costs, from the jail, a demand which is clearly barred by the applicable state and federal constitutions.

**ii.      Plaintiff's demand for declaratory and injunctive relief is moot.**

Plaintiff further asks for a declaration that "the Defendants' acts and omissions violated his constitutional rights," as well as an injunction "enjoining Defendants from enforcing their customs, policies, patterns, and practices as described herein which violate constitutional rights." Pl.'s Cplt., Prayer for Relief, p. 9.

Declaratory and injunctive relief is not available, however, to individuals no longer "subject to the conditions he alleges are unconstitutional." *Whitenight v. Elbel,* No. 2:16-CV-


Bailey & Wyant
ATTORNEYS AT LAW

00646-CRE, 2017 WL 6026379, at *4 (W.D. Pa. Dec. 5, 2017), *reconsideration denied*, No. 2:16-CV-00646-CRE, 2018 WL 263317 (W.D. Pa. Jan. 2, 2018); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the conditions he alleges are unconstitutional.")

In *Whitenight*, Plaintiff specifically asked, in relevant part, for injunctive relief seek[ing] a declaration that the Defendants' acts and omissions violated his constitutional rights," and a "preliminary and permanent injunction ordering Defendants to cease all 'administrative schemes' which relate to the denial of medical care." *Whitenight* at *3. The Court correctly dismissed the claim for injunctive relief with prejudice because "Plaintiff is no longer subject to the conditions of [the prison] by virtue of his transfer and release, he does not have standing to seek injunctive or declaratory relief here." *Id.* at *4.

Here, Plaintiff states that he was incarcerated on April 21, 2018 and released "six days later." Pl.'s Cplt., ¶¶ 12, 32. As above, Plaintiff cannot seek a declaratory judgment or an injunction against the jail as he is not actually incarcerated in the jail. Plaintiff cannot, therefore, seek equitable relief against the NRCF in any court, even one which may have proper jurisdiction over the matter.

**E.     Any amendment would be futile, as the NRCF and its employees are protected from suit by a litany of immunities.**

To the extent Plaintiff has alleged any actionable claim at all against the NRCF itself, or to the extent that Plaintiff may try to amend his Complaint to add a nominal NRCF official or two to the Complaint, such amendment would be futile as they too are immune from Plaintiff's claims under the Eleventh Amendment:

> [A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent



congressional intent by a mere pleading device. We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). West Virginia law similarly applies to prohibit suits against state officials:

> A public executive official who is acting within the scope of his authority and is not covered by the provisions of W. Va. Code, 29–12A–1, *et seq.,* is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known. There is no immunity for an executive official whose acts are fraudulent, malicious, or otherwise oppressive.

*Lavender* at *8 (S.D.W. Va. Feb. 4, 2008) (quoting, in relevant part, Syl. Pt. 1, *State v. Chase Securities, Inc.,* 188 W. Va. 356, 424 S.E.2d 591). Even taking every word of Plaintiff's Complaint as true, Plaintiff does not allege any jail employee or official did anything other than make a discretionary choice to not investigate his claim, and both constitutional immunity and qualified immunity would clearly apply to protect those employees, and the NRCF from such a suit.

**F.    The plain facts of Plaintiff's claim are without merit and fail to state a claim upon which relief can be granted.**

Finally, even absent any improper jurisdiction, immunities from suit, inapplicable requests for relief, or other fatally flawed or defective pleadings, Plaintiff's actual allegations are not enough to allow him to proceed with his claim. Prison officials are not constitutionally required to investigate every prisoner's wrongful incarceration claim, and prisons are further not required to provide opiate addiction drugs.

**i.    Prison officials are not constitutionally required to investigate every prisoner's wrongful incarceration claim.**

Plaintiff claims, in relevant part, that the NRCF should have investigated his claim that he was wrongfully incarcerated, and that failing to do so was "pursuant to policies, practices and/or customs described above, approved and/or ratified by the agencies' respective policymakers." Pl.'s


Bailey
&Wyant
ATTORNEYS AT LAW

Cplt., ¶¶ 49 – 54. Contrary to Plaintiff's apparent beliefs, prison officials are not required to investigate every claim of innocence or mistaken identity offered up by an incarcerated individual.

While due to the extensive immunities described above, a West Virginia correctional facility has not been subject to this type of suit, less immunized municipal entities have. For example, the United States District Court for the Eastern District of Pennsylvania granted summary judgment to all defendants, including a County of Northampton jail official, in a case where a pre-trial detainee was held for *thirty-four days* in a county jail on a warrant from another state before being released. *Roa v. City of Bethlehem, Pa.*, 782 F. Supp. 1008, 1011 (E.D. Pa. 1991).

There, Plaintiff Roa argued that Morris Pagni, an administrative assistant at Northampton county prison, violated his constitutional rights by "failing to take more decisive action to aid the plaintiff, including his failure to obtain and compare identifying information relating to the plaintiff and the [individual] actually sought in New Jersey, and to otherwise investigate more thoroughly the plaintiff's allegations resulted in a violation of plaintiff's Constitutional rights." *Id.* at 1012.

In granting summary judgment to the county official being sued, the Court explained:

Even if Pagni had positive proof that the plaintiff's claim was accurate, he had no authority to release him from custody. At most, he could have contacted court officials to alert them to the error.

In addition, plaintiff's situation was complicated by the fact that he was being detained pursuant to a New Jersey warrant. Thus, Pagni had even less access to information tending to exonerate the plaintiff than he might have if plaintiff had been arrested for a crime within Northampton County.

*Id.*

Here, Plaintiff claims that the NRCF should have investigated his claims regarding mistaken identity when he claimed to be wrongfully imprisoned, despite the critical fact that he was being detained pursuant to a *warrant from another state*. Moreover, as in *Roe*, any jail official



who may have determined Plaintiff was wrongfully imprisoned could have contacted a court official to let them know of the error – such an official would be without authority to effect a release.

## ii.    Denial of suboxone and other opiate addiction drugs is not a violation of any rights.

Plaintiff's only other allegation against the NRCF is that it violated the Eighth Amendment because of its "deliberate indifference to Plaintiff's health and safety by denying him access to essential medications" such as "subutex." Subutex is a brand name for Buprenorphine, a "medication-assisted treatment (MAT) to treat Opioid Use Disorder (OUD)."[2] It is an "opoid partial agonist," *i.e.,* it "produces effects such as euphoria or respiratory depression at low to moderate doses." *Id.* Of course, while the purpose of prescribing low-power opiates such as methadone and buprenorphine is to wean the user off more powerful opiates such as heroin, in prison it is illegal contraband. Introducing the same into a prison is a criminal offense. *See generally Rodriguez v. Ebbert*, No. 3:15-CV-1952, 2016 WL 6095621, (M.D. Pa. Oct. 19, 2016); *Browning v. Mansukhani*, No. CV 0:16-3237-RMG, 2017 WL 1731571, (D.S.C. May 3, 2017); *Tillery v. Wetzel*, No. 3:16-CV-0235, 2019 WL 480485, at *12 (M.D. Pa. Feb. 7, 2019). To Defendant's knowledge, no law, statute, administrative rule, or other rule requires prisoners be given opioid MATs upon request.[3] Rather, the prison administration's decision to bar opioid medications from prisons is discretionary, and "therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The idea that Plaintiff's lack of access to contraband in prison is an



---

[2] U.S. Department of Health and Human Services definition, found at https://www.samhsa.gov/medication-assisted-treatment/treatment/buprenorphine
[3] Defendant is aware that cases attempting to require prisons to offer MATs to prisoners are pending or have been settled in other jurisdictions, but there are no cases anywhere which currently require MATs to be offered to prisoners.

Eighth Amendment violation is unsupported by any substantive case law, and may be dismissed on its merits.

Additionally, though it is not explicitly clear from his Complaint, Plaintiff appears to have been a pretrial detainee ostensibly awaiting transfer to Pennsylvania. Pretrial detainees' conditions must be challenged under the Fourteenth Amendment, not the Eighth. The Eighth Amendment applies only to sentenced inmates. *Ingraham v. Wright*, 430 U.S. 651, 671-672, n. 40. The Due Process Clause requires only that a "pretrial detainee not be 'punished.'" *Id.* Accordingly, if Plaintiff was not sentenced, he may not plead an Eighth Amendment claim.

### IV.    CONCLUSION

Plaintiff's claims against the NRCF have been raised in the wrong jurisdiction and in the wrong venue. The NRCF cannot even be subject to the § 1983 claims Plaintiff raises. Further, Plaintiff's claims are barred by federal and state constitutional immunities, and cannot be amended to evade those immunities. Even if Plaintiff were to somehow advance his case past these fatal defects, he still fails to state a claim upon which relief can be granted because he neither alleged facts upon which he can succeed or remedies upon which he can collect. Accordingly, for all the reasons stated herein, his claims against the NRCF must be dismissed as a matter of law.

WHEREFORE, Defendant NRCF moves this Court to dismiss Plaintiff's claims against it and for any and all other relief this Court deems appropriate.

NORTHERN REGIONAL
CORRECTIONAL FACILITY,
By Counsel.



Thomas E. Buck, Esq.
W. Va. Bar ID # 6167
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Ph. 304-233-3100
Fax: 304-233-0201

tbuck@baileywyant.com



## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

**ANDREW KING,**

    **Plaintiff,**

**v.**

                                                  **CIVIL ACTION-LAW**
**Case No. 2:19-CV-992-DSC**
**ALLEGHENY COUNTY SHERIFF'S**              **Electronically Filed**
**OFFICE, NEW MARTINSVILLE POLICE**
**DEPARTMENT, OFFICER JASON K. UTT,**
**OFFICER FRIEND ESTEP, NORTHERN REGIONAL**
**CORRECTIONAL FACILITY,**
**ARRESTING OFFICER VINCENT DICENZO III,**
**NORTH VERSAILLES POLICE DEPARTMENT**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of **DEFENDANT NORTHERN REGIONAL CORRECTIONAL FACILITY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** was served to all counsel through the ECF Electronic Case Filing System on this _22ⁿᵈ_ day of November, 2019.

Louis J. Kroeck, Esq.
12th Floor, Park Building
355 Fifth Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Kyle T. McGee, Esq.
Charles H. Saul, Esq.
Margolis Edelstein
535 Smithfield Street, Suite 1100
Pittsburg, PA 15222
*Counsel for Defendant North Versailles Police Department*



                                              Thomas E. Buck, Esq.
                                              W. Va. Bar ID # 6167

BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Ph. 304-233-3100
Fax: 304-233-0201
tbuck@baileywyant.com

