IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KING, | CIVIL DIVISION |
| Plaintiff, | No.: 2:19-cv-992-DSC |
| v. | The Honorable David S. Cercone |
| ALLEGHENY COUNTY SHERIFF'S OFFICE, NEW MARTINSVILLE POLICE DEPARTMENT, OFFICER JASON K UTT, OFFICER FRIEND ESTEP, NORTHERN REGIONAL CORRECTIONAL FACILITY, ARRESTING OFFICER VINCENT DiCENZO III, NORTH VERSAILLES POLICE DEPARTMENT, | *Electronically filed* |
| Defendants. | |

**DEFENDANTS VINCENT DICENZO, III AND
NORTH VERSAILLES POLICE DEPARTMENT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW COME Defendants Vincent DiCenzo, III and North Versailles Police Department (herein, "North Versailles Defendants"), by and through their counsel, CHARLES H. SAUL, ESQUIRE, KYLE T. McGEE, ESQUIRE, and MARGOLIS EDELSTEIN, and file the following Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. It is admitted that this case is brought pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C. 1983, for alleged violations of Plaintiff's civil rights and supplemental state law claims. It is denied that said claims have any merit.

**JURISDICTION AND VENUE**

2. The averments contained at paragraph 2 of the Complaint constitute a conclusion of law to which no answer is required. It is further noted, however, that it does not appear that

Plaintiff has alleged any claims under state law, and, therefore, the Court could not have supplemental jurisdiction over state claims.

3. The averments contained at paragraph 3 of the Complaint constitute a conclusion of law to which no answer is required.

4. It is admitted that Plaintiff is an adult individual. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as the truth of the remainder of the averments contained at paragraph 4 of the Complaint and, therefore, said averments are denied.

5. The averments contained at paragraph 5 of the Complaint constitute a conclusion of law to which no answer is required.

6. It is admitted that Defendant New Martinsville Police Department is located at 193 Main Street, New Martinsville, WV 26155. The remainder of the averments contained at paragraph 6 of the Complaint constitutes a conclusion of law to which no answer is required.

7. The averments contained at paragraph 7 of the Complaint are admitted.

8. The averments contained at paragraph 8 of the Complaint are admitted.

9. It is admitted that Defendant Northern Regional Correctional Facility is located at 112 Northern Regional Correctional Drive, Moundsville, WV 26041. The remainder of the averments contained at paragraph 9 of the Complaint constitutes a legal conclusion to which no answer is required.

10. The averments contained at paragraph 10 of the Complaint are admitted.

11. It is admitted that Defendant North Versailles Police Department is located at 1401 Greensburg Pike #2, North Versailles, PA 15137. The remainder of the averments contained at paragraph 11 constitutes a legal conclusion to which no answer is required.

**FACTS**

12. Upon information and belief, it is admitted that on or about April 21, 2018, Plaintiff was taken into custody by Officers Jason K. Utt and Friend Estep of New Martinsville Police Department based on an arrest warrant issued in Allegheny County.

13. The North Versailles Defendants deny that the warrant was issued due to recklessly sloppy police work by Defendant Officer DiCenzo and the Allegheny County Sheriff's office. It is admitted that Defendant Officer DiCenzo arrested Plaintiff's brother in North Versailles Township in Pennsylvania.

14. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 14 of the Complaint, and, therefore, said averments are denied.

15. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 14 of the Complaint, and, therefore, said averments are denied.

16. The averments contained at paragraph 16 of the Complaint constitute legal conclusions to which no answer is required.

17. The averments contained at paragraph 17 of the Complaint are admitted and denied. It is denied that the North Versailles Defendants performed sloppy police work. It is admitted that Plaintiff was a victim of a mistaken identity police arrest. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the remainder of the averments contained at paragraph 17 of the Complaint, and, therefore, said averments are denied.

18. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 18 of the Complaint, and, therefore, said averments are denied.

19. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 19 of the Complaint, and, therefore, said averments are denied.

20. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 20 of the Complaint, and, therefore, said averments are denied.

21. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 21 of the Complaint, and, therefore, said averments are denied.

22. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 22 of the Complaint, and, therefore, said averments contained are denied.

23. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 23 of the Complaint, and, therefore, said averments are denied.

24. It is admitted that the booking photograph of Plaintiff's brother, Alexander King, at the Allegheny County Jail, does not appear to match a picture of Plaintiff. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the remainder of the averments contained at paragraph 24 of the Complaint, and therefore, said averments are denied.

25. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 25 of the Complaint, and, therefore, said averments are denied.

26. The averments contained at paragraph 26 of the Complaint are denied as to the North Versailles Defendants. To the extent that the averments contained at paragraph 26 of the Complaint pertain to the other Defendants herein, said averments are speculative, and the North Versailles Defendants have no duty to respond thereto.

27. The averments contained at paragraph 27 of the Complaint are denied as to the North Versailles Defendants, inasmuch as at the time of the arrest the North Versailles Defendants did not know that the arrestee had a brother; did not know that the arrestee had given false information as to his identity; and had no reason to perform a photo comparison at the time of arrest. The remainder of the averments contained at paragraph 27 of the Complaint pertain to the other Defendants and are speculative, and, therefore, the North Versailles Defendants have no duty to answer said averments.

28. The averments contained at paragraph 28 of the Complaint are admitted and denied. Inasmuch as the North Versailles Defendants had no knowledge at the time of the arrest that the arrestee, Alexander King, had a brother and that the arrestee gave false information as to his identity upon being arrested, the North Versailles Defendants were unaware at the time of arrest that the arrestee had a brother with unique identifiers different from the arrestee. It is admitted that several months after Alexander King was arrested by the North Versailles Defendants, the North Versailles Defendants learned that the arrestee, Alexander King, had falsely identified himself to the North Versailles Defendants as Andrew King and that Andrew King and Alexander King have certain different physical characteristics. After reasonable investigation, the North

Versailles Defendants are without sufficient information to form a belief as to the truth of whether Plaintiff is a law-abiding citizen, and, therefore, said averment is denied. The remainder of the averments contained at paragraph 28 of the Complaint are speculative in nature and pertain to the other Defendants, and, therefore, the North Versailles Defendants have no duty to respond thereto.

29. The averments contained at paragraph 29 of the Complaint are denied as to the North Versailles Defendants. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the remainder of the allegations contained at paragraph 29 of the Complaint, and, therefore, said averments are denied.

30. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 30 of the Complaint, and, therefore, said averments are denied.

31. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 31 of the Complaint, and, therefore, said averments are denied.

32. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 32 of the Complaint, and, therefore, said averments are denied.

33. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 33 of the Complaint, and, therefore, said averments are denied.

34. The averments contained at paragraph 34 of the Complaint are denied, as stated. The North Versailles Defendants had no knowledge as to Plaintiff's alleged detention and release from the Northern Regional and had no duty or control over the removal of the warrant in

Plaintiff's name. To the extent that the averments contained in paragraph 34 pertain to the other Defendants herein, the North Versailles Defendants are without sufficient information to form a belief as to the truth of said averments, and, therefore, said averments are denied.

35. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as the averments contained at paragraph 35 of the Complaint, and, therefore, said averments are denied.

36. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 36 of the Complaint, and, therefore, said averments are denied.

37. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 37 of the Complaint, and, therefore, said averments are denied.

38. The averments contained at paragraph 38 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

39. The North Versailles Defendants deny that they engaged in any unlawful acts resulting in the harm purported by Plaintiff at paragraph 39 of the Complaint. After reasonable investigation, the North Versailles Defendants are without sufficient information to form a belief as to the truth of the averments contained at paragraph 39 of the Complaint as to any injuries alleged to have been suffered by Plaintiff, and therefore, said averments are denied.

**COUNT I – 42 U.S.C. §1983 – False Arrest/Fourth Amendment**
**(Plaintiff vs. Allegheny County Sheriff's Office, New Martinsville PD,**
**Officer Utt, Arresting Officer DiCenzo)**

40. The North Versailles Defendants hereby incorporate the foregoing answers as if set forth at length.

41. The averments contained at paragraph 41 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

42. The averments contained at paragraph 42 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

43. The averments contained at paragraph 43 of the Complaint are denied as to the North Versailles Defendants.

44. To the extent that the averments contained at paragraph 44 allege that the practice and policies of the North Versailles Defendants are to blame for the false arrest of Plaintiff, said averments are specifically denied. The remainder of the averments contained at paragraph 44 constitutes a conclusion of law to which no answer is required. Further, they pertain to other Defendants, and, therefore, the North Versailles Defendants have no duty to respond to such averments. To the extent an answer is deemed to be required, said averments are denied.

45. The averments contained at paragraph 45 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

46. The averments contained at paragraph 46 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

WHEREFORE, the North Versailles Defendants respectfully request that the claims and the Complaint against them be dismissed in their entirety, with prejudice, and judgment be entered in favor of the North Versailles Defendants and against Plaintiff, together with attorney's fees, cost of suit, and any other relief that the Court may deem appropriate.

### COUNT II – 42 U.S.C. §1983 – Wrongful Incarceration/Fourteenth Amendment
### (All Defendants)

47. The North Versailles Defendants hereby incorporate the foregoing answers as if set forth at length.

48. The averments contained at paragraph 48 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

49. The averments contained at paragraph 49 of the Complaint are denied.

50. The averments contained at paragraph 50 of the Complaint are denied, as stated, as to the North Versailles Defendants. At the time of the arrest of Plaintiff's brother, Alexander King, the North Versailles Defendants had no information that the arrestee had a brother or that the arrestee was giving a false identification. Therefore, at the time of the arrest, the North Versailles Defendants had no information to show or reason to suspect that Plaintiff could not possibly be the person subsequently identified on the Sheriff's warrant. To the extent that the averments contained at paragraph 50 pertain to the other Defendants, the North Versailles Defendants have no obligation to answer said averments.

51. The averments contained at paragraph 51 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

52. The averments contained at paragraph 52 of the Complaint are denied as to the North Versailles Defendants. To the extent that said averments pertain to the other Defendants herein, the North Versailles Defendants have no obligation to answer said averments.

53. The averments contained at paragraph 53 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

54. The averments contained at paragraph 54 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be required, said averments are specifically denied.

WHEREFORE, the North Versailles Defendants respectfully request that the claims and the Complaint against them be dismissed in their entirety, with prejudice, and judgment be entered in favor of the North Versailles Defendants and against Plaintiff, together with attorney's fees, cost of suit, and any other relief that the Court may deem appropriate.

**COUNT III – 42 U.S.C. §1983 – EIGHTH AMENDMENT – Deliberate Indifference to Medical Needs (Plaintiff vs. NORTHERN REGIONAL CORRECTIONAL FACILITY)**

55. The North Versailles Defendants hereby incorporate the foregoing answers as if set forth at length.

56. The averments contained at paragraph 56 of the Complaint pertain to a Defendant other than the North Versailles Defendants, and therefore, the North Versailles Defendants have no obligation to answer such averments.

57. The averments contained at paragraph 57 of the Complaint pertain to a Defendant other than the North Versailles Defendants, and therefore, the North Versailles Defendants have no obligation to answer such averments.

58. The averments contained at paragraph 58 of the Complaint pertain to a Defendant other than the North Versailles Defendants, and therefore, the North Versailles Defendants have no obligation to answer such averments.

WHEREFORE, the North Versailles Defendants respectfully request that the claims and the Complaint against them be dismissed in their entirety, with prejudice, and judgment be entered in favor of the North Versailles Defendants and against Plaintiff, together with attorney's fees, cost of suit, and any other relief that the Court may deem appropriate.

## **PRAYER FOR RELIEF**

The North Versailles Defendants deny that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**
## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Unless expressly admitted in this Answer and Affirmative Defenses, any allegations set forth in the Complaint are specifically and expressly denied, with strict proof thereof demanded at the time of trial.

## **THIRD AFFIRMATIVE DEFENSE**

Defendant Officer DiCenzo never arrested Plaintiff, and, therefore, cannot be found to have falsely arrested him in violation of the Fourth Amendment.

## FOURTH AFFIRMATIVE DEFENSE

The North Versailles Defendants never incarcerated Plaintiff, and, therefore, cannot be found to have incarcerated him in violation of the Fourteenth Amendment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any constitutional or statutory right by the North Versailles Defendants, as required to establish a claim for which relief can be granted under 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

Any action by Defendant Officer DiCenzo arose from the performance of job duties and was authorized or required by law and/or reasonably believed to be authorized or required by law.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant Officer DiCenzo acted in accordance with the Constitution of the United States and all state and local laws.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Officer DiCenzo acted in good faith and without the intent to violate Plaintiff's civil rights.

## NINTH AFFIRMATIVE DEFENSE

The actions of Defendant Officer DiCenzo were justified and/or privileged under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant Officer DiCenzo acted reasonably and in good faith and his conduct was authorized and required by law under the circumstances and/or he reasonably believe that this conduct was authorized or required by law under the circumstances.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Officer DiCenzo is protected and/or immune from suit by the doctrine of qualified immunity.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are not actionable based on the broad discretion afforded to police officers in the performance of their law enforcement duties

### THIRTEENTH AFFIRMATIVE DEFENSE

No act, conduct or omission by Defendant Officer DiCenzo was taken with any ill will, evil motive and/or malicious intent.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Officer DiCenzo took no actions toward Plaintiff which constituted extreme and/or outrageous conduct, nor did Defendant Officer DiCenzo act in a reckless manner in regard to Plaintiff's constitutional or statutory rights or well-being or in regard to his arrest and detainment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not set forth and is unable to establish a viable claim for punitive damages against Defendant Officer DiCenzo

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Defendant Officer DiCenzo acted in his capacity as, and in accordance with his duties, as a police officer for North Versailles Township, and, therefore, is not subject to personal liability in his individual capacity, nor can punitive damages be awarded against him in his official capacity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendant Officer DiCenzo were reasonable, justified and in accordance with and pursuant to his duties as a police officer. Accordingly, Plaintiff is not entitled to an award of punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against Defendant Officer DiCenzo as his conduct did not rise to the level of morally culpable conduct and/or outrageousness that would support such a claim.

## NINETEENTH AFFIRMATIVE DEFENSE

The North Versailles Police Department is a mere sub-unit of North Versailles Township, and is, therefore, not a proper defendant in an action pursuant to Section 1983.

WHEREFORE, the North Versailles Defendants respectfully request that the claims and the Complaint against them be dismissed in their entirety, with prejudice, and judgment be entered in favor of the North Versailles Defendants and against Plaintiff, together with attorney's fees, cost of suit, and any other relief that the Court may deem appropriate.

**JURY TRIAL DEMANDED**

Date: November 25, 2019

Respectfully submitted,

MARGOLIS EDELSTEIN

  /s/ Charles H. Saul
CHARLES H. SAUL, ESQUIRE
PA I.D. No. 19938
csaul@margolisedelstein.com

  /s/ Kyle T. McGee
KYLE T. McGEE, ESQUIRE
PA I.D. No. 205661
kmcgee@margolisedelstein.com
Henry W. Oliver Building

535 Smithfield Street, Suite 1100
Pittsburgh, PA 15222
(412) 355-4961
(412) 355-4971
(412) 642-2380 (fax)
(*Counsel for Defendants Vincent DiCenzo, III and the North Versailles Police Department*)